## PLEA PACKET MEMO

ASSIGNED AUSA: **ANDRE BENAVIDEZ**

DEFENDANT:   **TYLER KEITH COLE**

CASE #:   **B-25-1119-01**

Recommendation in exchange for Defendant's Plea to the **Count 2 of the Indictment and WAIVER OF APPEAL RIGHTS** as outlined in the plea agreement: **credit for Acceptance of Responsibility, sentencing at the low end of the advisory guideline level the defendant scores, and dismissal of remaining counts. If this plea is before 45 days after the arrest of defendant, the Government also agrees to recommend a 2-level downward departure pursuant to 3F1.1, UNLESS the defendant has a criminal history category of IV or more, or a prior 8 USC 1324 conviction.**

## FACT SUMMARY SHEET

On November 29, 2025, Border Patrol agents observed a silver four-door sedan in an area near Brownsville, Texas, in Cameron county.  The silver sedan proceeded to drop off an undocumented alien later identified as Maria Elena Martinez before speeding away.

Border patrol agents soon after encountered the sedan, noticing that two subjects in the backseat were attempting to conceal themselves.  After activating their emergency lights in order to initiate an immigration inspection, the driver, identified as **DEFENDANT TYLER KEITH COLE**, failed to yield and evaded the Border Patrol agents for a time, driving in the opposite lane of traffic, and attempting to abscond the area before stopping on Highway 4.

The front seat passenger was identified as **CO-DEFENDANT JEREMIAH ALEXANDER GREEN**, and the two back seat passengers were determined to be in the United States with no permission or legal status.

The driver, **DEFENDANT TYLER KEITH COLE TYLER KEITH COLE**, was questioned by agents and he stated that he was aware that the individuals in the vehicle were in the country illegally.

The defendant, **CO-DEFENDANT JEREMIAH ALEXANDER GREEN**, was questioned by agents and stated that he was aware that the individuals in the vehicle were in the country illegally.

One of the passengers, JORGE ARMANDO VILLAGOMEZ-CALAMACO stated he is a citizen of MEXICO who paid 3000 US Dollars for illegal entry into the U.S.  He further said that he was instructed by his smugglers that after crossing into the United States, a vehicle would be waiting to pick him up.  After he wasw crossed, VILLAGOMEZ CALAMACO stated he saw a vehicle flash its headlights at him, which was the signal that

this was the vehicle that would be picking him up.  After the Border Patrol initiated the stop, VILLAGOMEZ CALAMACO told the driver, later identified as **DEFENDANT TYLER KEITH COLE** that the police were behind them, but the driver did not stop.  He stated that both the driver and the passenger, later identified as **CO-DEFENDANT JEREMIAH ALEXANDER GREEN**, were both on their cell phones during the pursuit.

**DEFENDANT TYLER KEITH COLE** admits he knew said undocumented aliens were illegally within the U.S. and he knowingly transported said aliens in furtherance of their illegal presence, and conspired to do so.

I agree the above factual summary accurately represents my involvement in the crime to which I am pleading guilty and that the proposed plea agreement accurately and fully describes my plea agreement with the government.

_____
Counsel for Defendant

_____
Defendant

_____
Assistant United States Attorney

2

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| **vs.** | § | **CRIMINAL NO. B-25-1119-01** |
| **TYLER KEITH COLE** | § | |

**PLEA AGREEMENT**

COMES NOW the United States of America, by and through its attorneys, NICHOLAS J. GANJEI, United States Attorney for the Southern District of Texas, and the undersigned Assistant United States Attorney, and the defendant, **TYLER KEITH COLE,** and the defendant's counsel, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and state that they have entered into an agreement, the terms and conditions of which are as follows:

1. The defendant agrees to plead guilty to **Count Two** of the indictment in this case.  Count Two of the indictment charges the defendant with Transporting Certain Illegal Aliens, in violation of Title 8, United States Code, § 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i).  The defendant, by entering this plea agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

2.  As part of this agreement, the United States agrees to recommend credit for Acceptance of Responsibility, sentencing at the low end of the advisory guideline level the defendant scores, and dismissal of remaining counts.  If this plea is before 45 days after the arrest of defendant, the Government also agrees to recommend a 2-level

*Revised May 2019*

downward departure pursuant to 3F1.1, UNLESS the defendant has a criminal history category of IV or more, or a prior 8 USC 1324 conviction.

3.   The statutory maximum penalty for each violation of Title 8, United States Code, § 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i), is a maximum term of imprisonment of _10_ years, a fine of up to $250,000.00, and a period of supervised release not to exceed _3_ years.  The defendant also acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then the Defendant may be imprisoned for the entire term of supervised release without credit for time already served on the term of supervised release prior to such violation. The defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

4.   The defendant will pay to the United States District Clerk a special assessment in the amount of one-hundred dollars ($100.00) per count of conviction, as required in Title 18, United States Code, Section 3013(a)(2)(A). The defendant will pay to the United States District Clerk an additional special assessment in the amount of five-thousand dollars ($5,000.00) per count of conviction under Title 8, United States Code, Section 1324, as required in Title 18, United States Code, Section 3014(a)(5), unless the defendant is found by the court to be indigent.  The payment will be by certified check payable to United States District Clerk, Brownsville, Texas 78520.

5.   The defendant understands that under the Sentencing Guidelines, the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release; if any is ordered.

6.   The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment.

7.   Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if he is requested to do so.   In the event that the Court imposes a fine or orders the payment of restitution as part of the Defendant's sentence, the Defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following his sentencing.

8. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant also recognizes that if he is a naturalized citizen, pleading guilty may result in loss of citizenship.  Defendant's attorney has advised Defendant of the potential immigration and/or denaturalization (loss of citizenship) consequences resulting from Defendant's plea of guilty.

9.   The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentence Guidelines.  The defendant understands and agrees that whether such a motion is filed, will be determined solely by the United States through the United States Attorney for the Southern District of Texas.  Should the defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance", the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statement. The defendant further agrees to persist in that plea through sentencing, fully cooperate

with the United States, and not oppose the forfeiture of assets contemplated in this agreement. The defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

10. The defendant understands and agrees that "fully cooperate" as used herein, includes providing all information relating to any criminal activity known to defendant, including but not limited to the specific facts of the present offense. The defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d) Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney can and will be prosecuted under the appropriate perjury, false statement or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation.

(f) Should the recommended departure, if any, not meet the defendant's expectations, the defendant understands he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

11. Defendant is aware that Title 18, United States Code, § 3742, affords a defendant the right to appeal the conviction and sentence imposed. The defendant

knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined. Additionally, the defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant knowingly and voluntarily waives the right to contest his conviction or sentence by means of any post-conviction proceeding. If the defendant files a notice of appeal following the imposition of sentence, the government will seek specific performance of this provision. Nothing in the foregoing waiver of appellate and collateral review of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

In exchange for the Agreement with the United States, Defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time barred on the date that this Agreement is signed, in the event that (a) Defendant's conviction is later vacated for any reason, (b) Defendant violates any provision of this Agreement, or (c) Defendant's plea is later withdrawn.

12.     In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction, not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that

the United States Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

13. The Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in paragraph 2 of this plea agreement.

14. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and,

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a).

15. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant

understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

16.     Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.  Defendant understands that the rights of a defendant include the following:

(a)     If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.  The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and other evidence against the defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(c)     At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.  However, if the defendant desired to do so, he could testify on his own behalf.

17.     If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand.  If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the

## CERTIFICATION BY THE DEFENDANT

I have consulted with my counsel and fully understand all my rights with respect to the charge(s) pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines and Policy Statements which may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it.

_____          12/31/25
Defendant                          Date

## CERTIFICATION BY ATTORNEY

I have fully explained to the defendant, his rights with respect to the pending indictment/information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____          12/31/25
Counsel for Defendant              Date

*Revised May 2019*                 9

United States, then may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

18.    This written plea agreement, consisting of nine pages, including the attached certifications of defendant and his attorney, constitutes the complete plea agreement between the United States, defendant and his counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

19.    Any modification of this plea agreement must be in writing and signed by all parties.

_____
Defendant

APPROVED:

_____
Assistant U.S. Attorney

_____
Attorney for Defendant